Matter of Harris (Commissioner of Labor) (2022 NY Slip Op 06522)

Matter of Harris (Commissioner of Labor)

2022 NY Slip Op 06522

Decided on November 17, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 17, 2022

534068
[*1]In the Matter of the Claim of Darryl Harris, Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 18, 2022

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Darryl Harris, New York City, appellant pro se.
Letitia James, Attorney General, New York City (Dawn A. Foshee of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 21, 2020, which denied claimant's application to reopen and reconsider a prior decision.
In January 2020, the Department of Labor issued an initial determination finding claimant eligible to receive unemployment insurance benefits. The employer objected on the ground that claimant was discharged for misconduct. Following a February 13, 2020 hearing, at which claimant failed to appear, the Administrative Law Judge (hereinafter ALJ) sustained the employer's objection, overruled the initial determination and found that claimant was ineligible for benefits. The ALJ's decision was issued on February 14, 2020. In July 2020, claimant requested that the matter be reopened after he contacted the Department of Labor on an unrelated matter and was told of the existing overpayment of benefits. Following a hearing, at which both the employer and claimant appeared, the ALJ granted claimant's application to reopen, overruled the employer's objection and affirmed the Department's initial determination granting benefits. Upon administrative appeal by the employer, the Unemployment Insurance Appeal Board reversed the ALJ's determination and denied claimant's application to reopen, finding that the application was not made within a reasonable amount of time. Claimant appeals.
We affirm. "A case may be reopened following a default upon a showing of good cause if such request is made within a reasonable time" (Matter of Schuler [LaserShip, Inc.-Commissioner of Labor], 175 AD3d 1688, 1689 [3d Dept 2019] [internal quotation marks and citations omitted]; see Matter of Absolute Home Health Care, Inc. [Commissioner of Labor], 199 AD3d 1135, 1136 [3d Dept 2021]). "The decision as to whether to grant an application to reopen a claim will not be disturbed absent an abuse of the Board's sound discretion" (Matter of Knott [Commissioner of Labor], 121 AD3d 1154, 1154 [3d Dept 2014] [citations omitted]; see Matter of Zion [Commissioner of Labor], 175 AD3d 1683, 1685 [3d Dept 2019], lv dismissed 35 NY3d 938 [2020]).
Claimant testified that he received the letter containing the ALJ's February 14, 2020 decision but that he did not read it, admitting that he was "negligent" and had "tossed [the letter] to the side." Claimant did not provide any other explanation for delaying five months before he applied to reopen that decision. Under these circumstances, we cannot conclude that the Board abused its discretion in finding that claimant had not made the application to reopen within a reasonable time (see Matter of Zion [Commissioner of Labor], 175 AD3d at 1685; Matter of Knott [Commissioner of Labor], 121 AD3d at 1154). Accordingly, the Board's decision to deny the application will not be disturbed.
Garry, P.J., Lynch, Ceresia and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.